**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **DANIEL CARR,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SEEKONK POLICE DEPARTMENT, et al.,**<br><br>**Defendants.** | **Civil Action No. 24-10123-FDS** |

**MEMORANDUM AND ORDER**

**SAYLOR, C.J.**

This is a civil rights action brought against the Seekonk Police Department, the New Bedford Police Department, the Taunton District Court, and the Massachusetts Department of Elementary and Secondary Education.

Plaintiff has filed a motion for leave to proceed *in forma pauperis* and several emergency motions seeking various forms of relief. For the reasons stated below, the Court will grant the motion to proceed *in forma pauperis*; deny the emergency motions; dismiss the matter for failure to state a claim; and caution plaintiff of the potential consequences of filing future actions that are frivolous or fail to state a claim.

## I. Motion for Leave to Proceed *In Forma Pauperis*

Upon review of plaintiff's motion for leave to proceed *in forma pauperis*, the Court concludes that he has adequately demonstrated his inability to prepay the filing fee. Accordingly, that motion will be granted.

## II. Review of the Complaint

Federal law authorizes a federal district court to dismiss *sua sponte* an action that is filed *in forma pauperis* if the complaint asserts claims that are frivolous, malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Although "dismissal on the court's own initiative, without affording the plaintiff either notice or an opportunity to be heard . . . is disfavored in federal practice," "[i]f it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," then a dismissal *sua sponte* is appropriate. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 36-37 (1st Cir. 2001). In conducting that review, the court must liberally construe the complaint if the plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The complaint here was submitted on the pre-printed form that is provided by the Administrative Office of the United States Courts. In the section of the form concerning the basis of jurisdiction, it asserts both a civil-rights claim and a civil claim under 18 U.S.C. § 242. Compl. at § II(A). The statement of claim alleges that the "Commonwealth of Massachusetts has violated [Carr's] civil rights by placing [him] under false arrest three times, altering dockets, and arresting in retaliation with car confiscation due to [Carr's] filing in this Honorable Court." Compl. at § III (statement of claim). For relief, the complaint seeks $600,000 and references "attached motions for injunctive relief and superimposition." Compl. at § IV (relief).

## III. The Complaint Fails to State a Claim Upon Which Relief Can Be Granted

As an initial matter, plaintiff cannot bring a civil lawsuit based upon the alleged violation of a federal criminal statute. The criminal statute referred to in the complaint, 18 U.S.C. § 242, allows the United States to prosecute a person acting "under color of any law" who has willfully

deprived a person of a right or privilege protection by federal law. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C.§§ 241-42). Section 242 does not permit a private citizen to bring a civil action against a person who has allegedly violated the statute. *See*, *e.g., Uziel v. Superior Ct. of Cal.*, 857 Fed. App'x 405, 406 (9th Cir. 2021) (holding that 18 U.S.C. § 242 does not provide a private right of action); *Vidurek v. Koskinen*, 789 Fed. App'x 889, 894 (2d Cir. 2019) (same).

Plaintiff's contention that his civil rights were violated suggests that he may be asserting a claim under the federal civil-rights statute, 42 U.S.C. § 1983.[1] The entities identified as defendants in the complaint are not, however, entities that can be sued under Section 1983. It is well-established that a state is not amenable to suit under 42 U.S.C. § 1983 because a state is not a "person" within the meaning of that statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Taunton District Court is an arm of the state and is immune from federal suit under the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Finally, the claims against the two police departments must be dismissed. For purposes of a section 1983 action, a police department is "considered a non-person" and, therefore, "is not a suable entity." *Curran v. City of Boston*, 777 F. Supp. 116, 120 (D. Mass. 1991); *see also Cronin v. Town of Amesbury*, 895 F. Supp. 375 (D. Mass. 1995) (granting summary judgment in favor of town police department as not a proper defendant in a § 1983 action).

[1] "42 U.S.C. § 1983 . . . furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." *Alfano v. Lynch*, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing *Kalina v. Fletcher*, 522 U.S. 118, 123 (1997)).

## IV. Motions for Injunctive Relief

With the complaint, plaintiff filed several motions seeking emergency injunctive relief. Because the underlying complaint fails to state a claim upon which relief can be granted, those motions will be denied as moot.

Furthermore, and in any event, to the extent plaintiff seeks relief from this court concerning proceedings before state courts, abstention is warranted under *Younger v. Harris*, 401 U.S. 37 (1971). As a general matter, federal courts may not interfere with "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013) (citations omitted).

## V. Caution Concerning Filing of Future Groundless Lawsuits

The court's records indicate that the present action is one of several lawsuits with allegations arising out of the same or similar events against identical or substantially similar parties. *See Carr v. Seekonk Police Dep't, et al.,* No. 23-13122-FDS (closed Jan. 2, 2024); *Carr v. Dep't of Children and Families, et al.*, No. 23-11980-FDS (closed Aug. 31, 2023); and *Carr v. Carr, et al.*, No. 23-11974-FDS (closed Aug. 31, 2023). Earlier court orders have advised plaintiff that he cannot seek the relief requested in this court due to the Commonwealth's immunity under the Eleventh Amendment and the abstention doctrine under *Younger v. Harris*, 401 U.S. 37 (1971).

Plaintiff is expressly cautioned that "[a] district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation." *Stefanik v. Town of Huntington*, 536 F. Supp. 2d 106, 114 (D. Mass. 2008) (citing *Elbery v. Louison*, 201 F.3d 427, 1999 WL 1295871, at *2 (1st Cir. 1999) (per curiam) (table decision)); *see also* 28 U.S.C. §

1651 (providing that courts may issue all writs necessary or appropriate in aid of their respective jurisdictions). “Vexatious conduct occurs where a party's actions are ‘frivolous, unreasonable, or without foundation’ even without the presence of ‘subjective bad faith.’” *Azubuko v. MBNA Am. Bank*, 396 F. Supp. 2d 1, 7 (D. Mass. 2005) (*quoting Local 285, Serv. Emps. Int'l Union v. Nonotuck Res. Assocs., Inc.*, 64 F.3d 735, 737 (1st Cir. 1995)).

Plaintiff is hereby cautioned that he may be enjoined from filing further actions in this court without express permission, and that he could be subject to monetary sanctions, should he file any actions that are frivolous or fail to state a claim upon which relief can be granted.

## VI. Order

For the foregoing reasons, it is hereby ordered as follows:

1. Plaintiff’s Motions for Injunctive Relief is DENIED;
2. Plaintiff’s Motion for Leave to Proceed *In Forma Pauperis* is GRANTED;
3. This matter is DISMISSED for failure to state a claim upon which relief can be granted.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated: January 31, 2024